IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NATIONAL MGA INSURANCE ALLIANCE, INC., | § § § | |
| *Plaintiff,* | § § | SA-19-CV-00512-ESC |
| vs. | § § § | |
| ILLINOIS MUTUAL LIFE INSURANCE COMPANY, | § § § § | |
| *Defendant.* | § § § | |

## REMAND ORDER

Before the Court in the above-styled and numbered cause of action is Plaintiff National MGA Insurance Alliance, Inc.'s Motion to Remand [#6]. This case was reassigned to the undersigned's docket on July 1, 2019 after both parties consented to the jurisdiction of a United States Magistrate Judge [#9, #10, #12]. After considering the motion, Defendant Illinois Mutual Life Insurance Co.'s Response to Motion to Remand [#7], Plaintiff's Sur-Reply [#11], Defendant's Sur-Reply Supporting Response to Motion to Remand [#14], the pleadings and the applicable law, the Court is of the opinion that Plaintiff's Motion to Remand [#6] should be **GRANTED**.

### I. Background & Procedural History

This dispute concerns Plaintiff National MGA Insurance Alliance, Inc.'s ("Plaintiff") alleged claims of tortious interference with contract, misappropriation of business opportunities, and commercial breach of contract against Defendant Illinois Mutual Life Insurance Co. ("IML"). The parties are both insurance companies in a General Agent arrangement whereby Plaintiff obtained, recruited and appointed downstream agents to sell IML products in Texas.

1

Plaintiff was to receive compensation for the business generated and sold through its downstream agents.

Plaintiff filed its Original Petition on July 11, 2017 in County Court at Law No.3 in Bexar County against IML and another nondiverse defendant, Mark Oeschesner, asserting that the County Court at Law had jurisdiction over the matter because "damages are not in excess of $50,000." (Orig. Pet. [#1-1] at 3.) Nearly two years later, on May 9, 2019, Plaintiff filed its First Amended Petition suing the same two defendants, alleging the same facts, and again pleading that jurisdiction was proper because damages do not exceed $50,000. (First Am. Pet. [#1-1] at 126.) However, in its First Amended Petition Plaintiff added a new cause of action for breach of contract, which includes a demand for attorney's fees. (*Id.* at 128). The Amended Petition also states that "[p]er Defendant's insistence and efforts to run up costs and attorney's fees, a discovery control plan limitation is governed by Level 2," and states explicitly in a footnote that Defendants "will expend tens of thousands of dollars in depositions and expose themselves to an attorneys' fees claim of tens of thousands of dollars." (*Id.* at 126.)

IML removed this action on May 14, 2019 on the basis of federal diversity jurisdiction under 28 U.S.C. § 1332. (Notice of Removal [#1] at 1.) IML alleges that complete diversity exists because: (1) Plaintiff is a domestic corporation with its principal place of business in Texas, (2) IML is a foreign company with its principal place of business in Illinois and (3) the amount in controversy exceeds $75,000.00 now that Plaintiff amended its petition adding a cause of action for breach of contract and included a claim for "tens of thousands of dollars" in attorneys' fees [#1]. IML also contends that because the other named Defendant, Mr. Oeschesner, had never been served, his citizenship should be disregarded for purposes of

diversity jurisdiction. Plaintiff moved to remand, arguing that the amount-in-controversy requirement is not satisfied and that Defendant IML's removal is untimely [#6].

## II. Analysis

The motion to remand is granted because IML's removal on the basis of diversity jurisdiction occurred more than one year after the commencement of the action. Thus, even if the Court has subject matter jurisdiction because diversity jurisdiction exists (which it appears to), this procedural defect requires remand.

A civil action may be removed from a state court to a federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1441(a). To remove a case based on diversity, the diverse defendant must demonstrate that all the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied. *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004). But a party removing based on diversity jurisdiction must remove within one year "after commencement of the action" in most circumstances. *See* 28 U.S.C. § 1446(c)(1). An exception to the one-year time limit applies in cases where the federal court finds that "plaintiff has acted in bad faith to prevent defendant from removing the action." *See id*. "The removing party bears the burden of showing that federal jurisdiction exists, and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 722 (5th Cir. 2002). It is therefore IML's burden to prove that its removal was procedurally proper and that diversity jurisdiction exists.

This case commenced in July of 2017 but was not removed until May 2019—well after the one-year time limit had expired—and so, under Section 1446(c), removal was procedurally improper unless Plaintiff acted in bad faith. IML argues that the one-year removal period does not apply here, relying primarily on the Fifth Circuit decision in *Tedford v. Warner Lambert Co.*, 327 F.3d 424 (5th Cir. 2003) and district court decisions that followed *Tedford*. In *Tedford*, the

3

Fifth Circuit held that Section 1446(c)'s one-year time limit is subject to equitable tolling. *Id*. at 427–28. But in relying on *Tedford*, IML ignores that the *Tedford* court construed a prior version of the statute that did not contain an explicit bad-faith exception. *See Hoyt v. Lane Construction Corp.*, 927 F.3d 287, 293 (5th Cir. 2019). And more importantly, IML ignores that the Fifth Circuit in *Hoyt* explicitly held that *Tedford* "does not control" in light of the 2011 amendments to the statute—that equitable tolling is no longer available, and that now, removing defendants are only excused from the one-year time-limit in cases that involve "bad faith." *Id*. at 293–94.

In determining whether a plaintiff acted in bad faith to prevent removal, a court must focus on what motivated the plaintiff in the past, that is whether the plaintiff's litigation conduct was intended "to prevent a defendant from removing the action." *Id.* at 293 (quoting 28 U.S.C. § 1446(c)(1). In *Hoyt*, the Fifth Circuit affirmed the district court's conclusion that plaintiffs had acted in bad faith where the plaintiffs dismissed a nondiverse defendant just two days after the one-year removal deadline expired. *Id*. at 292. They did so without receiving any consideration in return for the dismissal. *Id*. The record also reflected that even though the plaintiffs knew for months prior to the dismissal that the evidence would not support a claim against the nondiverse defendant, the plaintiffs only "half-heartedly" pursued their claims against that defendant, waited until the one-year limit expired, and then dismissed the defendant "for free." *Id*. at 292–93. Because the plaintiffs failed to explain why the settlement and dismissal occurred just two days after the deadline expired, the Fifth Circuit refused to find that the district court committed clear error when it concluded that the plaintiff's conduct demonstrated their intent to prevent removal and bad faith. *Id*. at 293.

This is a different case. This is not a situation where a non-diverse defendant was dismissed (for free) just after the expiration of the one-year deadline. Here, the relevant conduct

4

by Plaintiff is adding a new cause of action that arguably increases the amount in controversy over the threshold amount required by Section 1332 (thus creating diversity jurisdiction). But this conduct occurred nearly two years after the commencement of the action, and fully ten months after the expiration of the one-year deadline. In contrast to the suspicious timing in *Hoyt*, the timing here suggests something other than the one-year removal deadline motivated Plaintiff to amend.

The best evidence of Plaintiff's apparent motivation is in the footnote Plaintiff included in the First Amended Petition, in which it stated: "Defendants do not seek to be bound by the initial 6-hour time limit for depositions . . . They will expend tens of thousands of dollars in depositions and expose themselves to an attorneys' fee claim of tens of thousands of dollars." (First Am. Pet. [#1-1] at 126.) This statement evinces Plaintiff's frustration with IML's discovery tactics in this case, including an apparent demand for more deposition hours that Plaintiff thinks are unnecessary to resolve the dispute. These facts do not suggest to that Plaintiff acted in bad faith to prevent removal; rather, they suggest that the parties are engaged in contentious discovery disputes that have increased costs and run up attorneys' fees, thereby raising the amount in controversy well beyond what Plaintiff had originally intended to seek. Although the parties' discovery disputes and conduct may have caused delay in the litigation process, these circumstances do not give rise to a showing of bad faith on the part of Plaintiff. Thus, the general rule applies and IML's removal is untimely.

### III. Conclusion

Having considered the pleadings, Plaintiff's motion, as well as the responses and replies thereto, the Court declines to find that Plaintiff acted in bad faith to prevent removal. The Court concludes that § 1446(c) bars IML's untimely removal and remand to state court is warranted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand [#6] is **GRANTED**.

**IT IS FURTHER ORDERED** that IML's Motion to Set [#22] is **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to County Court at Law #03, in Bexar County, Texas, pursuant to 28 U.S.C. § 1447(c)(d).

**IT IS FINALLY ORDERED** that the Clerk is directed to **CLOSE** this case.

SIGNED this 25th day of November, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE